IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| CLARENCE R. MASON, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| | § | |
| WAL-MART STORES, INC., a Delaware | § | |
| Corporation; WAL-MART | § | Jury Demand |
| TRANSPORTATION, LLC, a Delaware | § | |
| Corporation; and MICHAEL G. VANVLIET, | § | |
| Individually | § | |
|     Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. PARTIES

1. Plaintiff Clarence R. Mason is an individual that is a citizen of the State of Texas, who resides in Tarrant County, Texas.

2. Defendant Wal-Mart Stores, Inc., is a foreign for-profit corporation formed under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas, and may be served citation through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3. Defendant Wal-Mart Transportation, LLC, is a foreign limited partnership formed under the laws of the State of Ohio with its principal place of business in Bentonville, Arkansas, and may be served citation through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. Defendant, Michael G. Vanvliet, an individual and a citizen of the State of Arkansas, may be served with process at 100 N. Bailey Street, Lowell, Arkansas 72745.

## B. JURISDICTION

5. The Court has diversity jurisdiction over this Civil Action under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. VENUE

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## D. FACTS

7. This lawsuit results from a collision that occurred on October 22, 2015, at the 2000 block of W. Southlake Blvd., Southlake, Texas.

8. Plaintiff was driving his vehicle reasonably and prudently in the eastbound right lane at or near the 2000 block of W. Southlake Blvd. Defendant, with trailer in tow was driving eastbound in the middle lane at or near 2000 W. Southlake Blvd. As Plaintiff was passing Defendant on the right, Defendant suddenly and without warning violently struck the Plaintiff's vehicle after Defendant attempted a right-hand turn from the middle lane causing the right panel of Defendant's vehicle to strike Plaintiff's left front quarter. Plaintiff's vehicle was forced off the road, violently crashing into the ditch/culvert on the side of the road, deploying multiple airbags in Plaintiff's vehicle.

9. Defendant Michael G. Vanvliet admitted fault at the scene and, his improper lane change was noted as the sole contributing factor of the crash by the investigating officer.

10. As a result of the impact, Plaintiff suffered bodily injuries including a complete rotator cuff tear, concussion, left TMJ, C3-C4, C5-C6, C6-C7 multi-disc herniations with moderate radiculopathy, lumbar dis derangement, burn on his right hand from the airbag, and bilateral wrist pain.

11. As a result of Defendant MICHAEL G. VANVLIET'S unsafe and improper turn into the wrong lane causing his vehicle to strike Plaintiff's vehicle, the impact caused Mr. Mason to be thrown about in a violent manner. He was shaken up and in shock following the collision. As

a result of Defendant MICHAEL G. VANVLIET'S negligence, Plaintiff was visibly upset. As a result of the impact, CLARENCE R. MASON suffered bodily injuries and damages.

### E. NEGLIGENCE CAUSE OF ACTION

12. Plaintiff repeats and re-alleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

13. On or about October 22, 2015, Wal-Mart's employee (Vanvliet), knew or should have known that making a sudden and abrupt right-hand turn from the middle lane was negligent. Wal-Mart employee (Vanvliet) had a duty to exercise ordinary care in operating its truck. At the time of the crash, Wal-Mart employee (Vanvliet) was operating his vehicle negligently. Wal-Mart employee (Vanvliet) had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Wal-Mart employee breached that duty in one or more of the following ways:

   a. Failing to timely apply his breaks.
   b. Failing to maintain proper lookout.
   c. Failing to turn his vehicle in an effort to avoid the collision.
   d. Driving his vehicle at a rate of speed that a reasonably prudent person would not have driven under the same or similar circumstances.
   e. Failing to yield the right of way.

14. Wal-Mart's negligence was a proximate cause of the subject collision and the injuries and damages to Plaintiff.

15. Wal-Mart is legally responsible to Plaintiff for the negligent conduct of Wal-Mart's employee(s) under the legal doctrines of *respondeat superior*, agency, and/or ostensible agents, servants and/or employees of Wal-Mart and were acting within the course and scope of such agency and employment. Therefore, Wal-Mart is vicariously liable for all negligent acts of its employees.

16. Wal-Mart was negligent in failing to properly train, instruct, supervise, and enforce proper and safe driving policies and practices, and such negligence proximately caused the incident made the basis of this lawsuit and Plaintiff's injuries and damages.

### F. GROSS NEGLIGENCE CAUSE OF ACTION

17. Plaintiff repeats and re-alleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

18. Wal-Mart's conduct complained of above constitutes gross negligence. Wal-Mart's conduct, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

19. Further, Wal-Mart, both directly and by and through its employees and agents/ostensible agents, had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, and welfare of others.

## G. DAMAGES

20. As a direct and proximate result of Defendants' negligence, Plaintiff suffered the following injuries and damages.

   a. Physical pain and suffering in the past and in the future.
   b. Mental anguish in the past and in the future.
   c. Lost earnings.
   d. Loss of earning capacity in the past and in the future.
   e. Disfigurement in the past and future.
   f. Medical expenses in the past and in the future.
   g. Loss of consortium in the past and in the future.
   h. Loss of household services in the past and future.
   i. Property damage

21. As a result of the gross negligence alleged herein, exemplary damages are recoverable as recoverable as defined by Texas Civil Practice and Remedies Code Chapter 41. Plaintiff has satisfied each element required to obtain exemplary damages. Plaintiff prays that the Court award exemplary damages.

22. Based upon the injuries and damages sustained by Plaintiff, as well as his knowledge of continuing effect of those injuries to date, Plaintiff seeks damages in excess of the minimum jurisdictional limits of this Court, for which she now sues. Further, Plaintiff prays for

the maximum allowable pre-judgment and post-judgment interest on any damages awarded and pray to recover all court costs associated with this action.

### H. REQUEST FOR JURY TRIAL

23. Plaintiff, Clarence R. Mason, asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### I. PRAYER

24. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   a. Judgment against Defendants, for all damages in a sum in excess of the minimum jurisdictional limits of the Court;

   b. Pre-judgment and post-judgment interest as provided by law;

   c. Costs of suit; and

   d. All other relief to which the Court deems appropriate.

Respectfully submitted,

**THE LAW OFFICES REYNOLDS AND REYNOLDS, PLLC**

_____
**Russell R. Reynolds**
Texas State Bar No. 24009359
rusty@rrlfirm.com
**Debra S. Reynolds**
Texas State Bar No. 24043891
debra@rrlfirm.com
2591 Dallas Pkwy, Suite 300
Frisco, Texas 75034
Telephone:   (214) 891-6606
Fax:      (972) 731-4384

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF REQUESTS A JURY TRIAL**